IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

JORGE LUIS RIVERA CAMACHO

MILAGROS  FONTANEZ COLON

CASE NO. 10-06358 BKT

Chapter 13

XXX-XX-3210

XXX-XX-2406

FILED & ENTERED ON 01/21/2011

Debtor(s)

**OPINION AND ORDER**

This proceeding is before the Court upon the Debtors' Memorandum Of Law In Support Of Debtors Plan To Retain A Second Property [Dkt. No. 39], and the Trustee's Objection To Plan Confirmation [Dkt. No. 40]. For the reasons set forth below, the Trustee's objection is SUSTAINED.

I. FACTUAL BACKGROUND:

The Debtors contend that the Puerto Rico Civil Code, 31 L.P.R.A. §§ 526, 971 (indicating that parents are responsible for supporting their children until the age of 21), obligates them to continue making a $948.00 per month mortgage payment on a second home wherein their adult son (age 22) and minor daughter (age 19) live.  If the Debtors are not able to make these payments, their daughter may have to move back in with them.  The Debtors advance several compelling arguments

in support of their contention that this would be unreasonably burdensome, specifically, (1) that their household expenses will increase; (2) their daughter will have to drive farther and spend more on gas to get back and forth to her school; (3) that the trip between their home and the school would be unsafe at night; and (4) that their daughter may lose her part time job due to increased commute time.

The Trustee contends that there is no circumstance under which the increased household expenses and inconveniences of having to let their daughter move back in with them would cost the Debtors more than the $948 per month mortgage payment that they are paying. Even a $300 increase in expenses, which the Trustee argues would be excessive, would still increase the total plan base and allow for greater distribution to the unsecured creditors (who, under the Debtors' proposed plan, would get 14% of their total claims).

## II. LEGAL ANALYSIS AND DISCUSSION:

The Puerto Rico Civil Code does not provide any requirement to support an adult child who is not in school. 31 L.P.R.A. § 526; Key Nieves v. Oyola Nieves, 116 D.P.R. 261, 266 (1985). Thus, the Debtors' argument that they are legally required to support their 22 year old son, who is not attending school, is without merit. As the Chapter 13 Trustee properly points out a $948 per month payment for their daughter's housing expenses alone is excessive, particularly when their adult son (who they are not required to support) also reaps the benefits of that payment by living in the same house. Debtors have not presented a legally compelling reason that justifies maintaining a second residence, in prejudice of their unsecured creditors. The convenience in maintaining a second home for their daughter is not above Debtor's obligation to pay their unsecured creditors. In Re Julia A. Hess, 2007 Bankr. LEXIS 3553 (N.D Ohio 2007); See also, U.S. Trustee v. Harrelson et. al, 323 B.R. 176, 179 (Bankr. W.D. Va. 2005).

Accordingly, the trustee's objection to plan confirmation is SUSTAINED, and therefore confirmation of the plan filed on July 20, 2010 [Dkt. No. 8] is DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 21st day of January, 2011.

Brian K. Tester
U.S. Bankruptcy Judge

CC:   DEBTOR(S)
SONIA A RODRIGUEZ RIVERA
JOSE RAMON CARRION MORALES